By the Court.
Bosworth, J.
The case submitted is so meagre in its details that its contents do not very clearly show what the evidence given at the trial fairly tended to prove. It is, perhaps, just to say that it appears F. Stcessel had been examined as to his property before the plaintiff was appointed *26 a receiver of it. That examination was read, but it does not appear in the case, and its contents are unknown to us. The order of the 21st of Kov., 1855, states that it appears by such examination or “testimony,” that “the wife of the said Ferdinand Stoessel claims to have some interest and title in and to the property of said Ferdinand Stoessel.” The order, then, gives authority to the receiver to bring an action against F. Stoessel and make the wife of the latter a party to it, in order to recover the possession of personal property belonging to F. Stoessel at a time named in the order. The answer of Stoessel’s wife alleges that the property described in the complaint was her separate property. The reply to that answer avers that the property belonged to F. Stoessel, and was in his possession when this action was commenced.
These circumstances, in connection with the proceedings at the trial, indicate that the only grounds arising upon undisputed facts, which were specially relied upon to defeat a. recovery were those on which a dismissal of the complaint was moved, when the testimony was closed. They were:
First. That no legal demand was made of either defendant, because the plaintiff did not disclose his character and authority when he made it; and
Second. That a demand upon the wife, and a refusal by her to deliver, is not sufficient to maintain an action against the husband for a wrongful detention of property so demanded.
So much of the charge to the jury as the case contains, states the first question as the one which would arise for subsequent consideration. This must be understood to mean that all questions upon which the judge was requested to rule, except that last named were disposed of at the trial. The charge, whatever it was, was not excepted to, and must be presumed to have been correct as to all questions affecting the merits, other than those as to which the charge, as made, is contained in the case.
Ferdinand Stcessel knew that the plaintiff in the action in which the receiver was appointed, was pursuing the property mentioned in the complaint as being the husband’s. When demanded of his wife she did not inquire as to the authority or right to demand possession, but placed her refusal on the ground that “Mr. Stoessel did not own any” of it. This indicates that *27 she knew it was demanded as being his. The terms and grounds of the refusal import that she knew the receiver had a right to be allowed to take possession of the property provided it belonged to F. Stcessel. Had she refused on the ground that the plaintiff did not show any evidence of a right, or authority to demand it, that difficulty could have been obviated at the time.
Therefore, so far as the mere objection that such authority was not disclosed at the time the demand was made, stands in the way of a recovery, it is sufficient to say that it cannot be raised, for the first time, at the trial; the refusal to deliver (if there was such a refusal) having been placed on a totally different ground.
But a dismissal of the complaint was also moved on the ground that a demand on the wife is not sufficient to charge the husband with liability in an action for a wrongful detention of the property so demanded in case she refuses to deliver it. The motion was denied, and the defendants’ counsel excepted. The judge, in his charge, states as the truth of the transaction, that the property was demanded of the wife, who declared that it did not belong to her husband.
If the jury are to be deemed to have foiind that the property belonged to the husband, then it follows that it was in his possession when demanded. There can be no presumption that the wife had possession of it, and that it was out of the husband’s possession. Being the husband’s property the receiver might have taken it, and the wife could not rightfully have obstructed the receiver while properly reducing it to possession.
I know of no principle which makes the wife, merely as such, an agent of the husband to respond to demands that may be made on him to deliver property in his possession to one having a right to demand it, so as to make her refusal to give it up the husband’s refusal, and such a refusal as will, subject either him or her to an action for a wrongful detention of the property. If the demand is made on her as being the husband’s agent, her refusal to comply with it is not a wrong which will subject her to an action personally. It will not subject the husband to an action, because the mere fact that she was his wife does not give her authority to speak for him in such a case and make him responsible for her refusal to act as such agent.
*28 If the demand was made on her, because she claimed to be owner, or to have an interest in the property, then there is no ground for pretending that her answer to the demand was the husband’s act; or that it would affect him as if the demand had been made of him, and he had refused to give possession.
The property could have been taken arid sold on the execution, if it was the property of the husband. Instead of pursuing that course, the execution is returned and the return states that he had no leviable property. On proceedings supplementary to execution, the husband is examined, and, so far as we can infer from the evidence disclosed by the case, he stated that the property was not his, but that it belonged to his wife. A receiver is appointed, who brings an action against husband and wife, to recover possession, on the ground that both wrongfully detain it. Ho order directing the husband to deliver it to the receiver is shown, nor any demand of the property made by the receiver upon the husband is proved. He, therefore, does hot appear to have refused to allow the receiver to take possession, or to have interfered with the efforts of the latter to obtain possession.
A demand of the property is made of the wife, who makes answer that “ Mr. Stoessel did not own any thing.” On that this action is brought. Such evidence is insufficient to establish that either of the defendants “wrongfully detained” the property from the plaintiff, in such sense, as to subject them to “an action to recover the possession of personal property.” Such an action is a substitute for the action of replevin. Code, §§ 206, 253, 277, 289; sub. 4, and 305; sub. 4.
I think it would have been better to have stated more of the actual facts in the complaint, and to have prayed that the property be declared to belong to the husband, and that possession of it be given to the receiver.
But without intending to intimate that an action like the present cannot be maintained, on proof, of the necessary facts, it is sufficient to say that no such evidence of a' wrongful detention was given at the trial as entitled the plaintiff to a verdict.
The verdict must be set aside and a new trial granted, with costs to abide the event.